UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

CR 09-0168 (S-2)(DLI)

- against -

MICHAEL ROMANO and
WILLIAM KEARNEY

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

JOHN J. DURHAM
UNITED STATES ATTORNEY
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

Diane C. Leonardo
Assistant United States Attorney,
    Of counsel

Date of Service: March 14, 2025

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT BACKGROUND ................................................................................................ 1

STATUTORY FRAMEWORK................................................................................................. 3

STANDARD OF REVIEW ...................................................................................................... 5

STATEMENT OF FACTS ....................................................................................................... 7

ARGUMENT............................................................................................................................ 7

POINT I:     CLAIMANT CANNOT ESTABLISH THAT SHE HAS A RIGHT IN THE
PROPERTY SUPERIOR TO THAT OF THE GOVERNMENT................................................... 7

CONCLUSION...................................................................................................................... 12

# TABLE OF AUTHORITIES

## Federal Cases

Almeida v. United States,
    459 F.3d 377 (2d Cir. 2006) ................................................................................................. 3

Anderson v. Liberty Lobby Inc.,
    477 U.S. 242 (1986) ............................................................................................................. 6

Caplin & Drysdale v. United States,
    491 U.S. 617 (1989) ............................................................................................................. 9

DSI Assocs. LLC v. United States,
    496 F.3d 175 (2d Cir. 2007) ................................................................................................. 3

Flaherty v. Massapequa Public Schools,
    752 F. Supp. 2d 286 (E.D.N.Y. 2010) ................................................................................. 7

Pacheco v. Serendensky,
    393 F.3d 348 (2d Cir. 2004) ......................................................................................... 4, 5, 9

United States v. Amiel,
    995 F.2d 367 (2d Cir. 1993) ................................................................................................. 4

United States v. BCCI Holdings (Lux.), S.A.,
    69 F. Supp. 2d 36 (D.D.C. 1999) ......................................................................................... 3

United States v. Daugerdas,
    892 F.3d 545 (2d Cir. 2018) ................................................................................................. 9

United States v. Davis,
    No. 00 Civ. 8296 (SHS), 2001 WL 47003 (S.D.N.Y. Jan. 17, 2001) .................................. 9

United States v. Eldick,
    223 Fed. Appx. 837 (11th Cir. 2007) ............................................................................... 9, 10

United States v. Hooper,
    229 F.3d 818 (9th Cir. 2000) .............................................................................................. 10

United States v. Lieberman,
    No. 3:15-CR-00161, 2024 WL 5399662 (D.N.J. July 9, 2024) .......................................... 11

United States v. Madoff,
    No. 09 CR 213 DC, 2012 WL 1142292 (S.D.N.Y. Apr. 3, 2012) ........................................ 9

United States v. Mosca,
    2023 U.S. App. LEXIS 27382 (2d Cir. October 16, 2023) ................................................. 2, 8

United States v. Nava,
    404 F.3d 1119 (9th Cir. 2005) ................................................................................................ 5

United States v. Petters,
    857 F. Supp. 2d 841 (D. Minn. 2012)...................................................................................... 8

United States v. Porchay,
    533 F.3d 704 (8th Cir. 2008) ................................................................................................... 5

United States v. Ribadeniera,
    105 F.3d 833 (2d Cir. 1997) ........................................................................................... 4, 5, 8

United States v. Romano,
    794 F. 3d 317 (2d Cir. 2015) ................................................................................................... 2

United States v. Romano,
    No. CR-09-168, 2022 U.S. Dist. LEXIS 19142 (E.D.N.Y. February 2, 2022) ........................ 2

United States v. Salti,
    579 F.3d 656 (6th Cir. 2009) ................................................................................................... 4

United States v. Soreide,
    461 F.3d 1351 (11th Cir. 2006) ............................................................................................... 4

United States v. Speed Joyeros, S.A.,
    410 F. Supp. 2d 121 (E.D.N.Y. 2006) ...................................................................................... 8

United States v. Strube,
    58 F. Supp. 2d 576 (M.D. Pa. 1999)........................................................................................ 4

United States v. Timley,
    507 F.3d 1125 (8th Cir. 2007) ..................................................................................... 4, 5, 8, 10

United States v. Tucker,
     No. 16-CR-91, 2020 U.S. Dist. LEXIS 220578 (S.D.N.Y. November 24, 2020) ..................... 7

United States v. Warshak,
    No. 09-3321, 2011 WL 2450991 (6th Cir. Mar. 30, 2011) ..................................................... 10

United States v. Watts,
    786 F.3d 152 (2d Cir. 2015) ......................................................................................... 7, 9, 10

Willis Mgmt. (Vermont), Ltd. v. United States,
    652 F.3d 236 (2d Cir. 2011) ................................................................................................... 5

**Federal Statutes**

18 U.S.C. § 1349 .................................................................................................... 2

18 U.S.C. § 1956(h) ............................................................................................... 2

21 U.S.C. § 853 ...................................................................................................... 1

21 U.S.C. § 853(c) ............................................................................................... 10

21 U.S.C. § 853(n) ............................................................................................. 3, 8

21 U.S.C. § 853(n)(1) ............................................................................................ 3

21 U.S.C. § 853(n)(2) ......................................................................................... 3, 4

21 U.S.C. § 853(n)(3) ............................................................................................ 3

21 U.S.C. § 853(n)(6) ............................................................................................ 7

21 U.S.C. § 853(n)(6)(A) ....................................................................................... 1

**Federal Rules**

Fed. R. Civ. P. 56(a) .............................................................................................. 6

Fed. R. Civ. P. 56(c)(1) .......................................................................................... 6

Fed R. Crim. P. 32.2 .............................................................................................. 6

Fed R. Crim. P. 32.2(c) ...................................................................................... 3, 5

Fed. R. Crim. P. 32.2(c)(1)(A) .............................................................................. 4

Fed. R. Crim. P. 32.2(c)(1)(B) .............................................................................. 4

## PRELIMINARY STATEMENT

The United States of America (the "United States" or the "Government") respectfully submits this memorandum of law in support of its motion for summary judgment to dismiss the third-party petition (the "Petition") filed by Karen Kearney ("Claimant"), the ex-wife of Defendant William Kearney ("Defendant"). Docket Entry ("DE") 568.

On May 27, 2021, a Preliminary Order of Forfeiture ("POF") was entered in the underlying criminal case forfeiting defendant William Kearney's ("Defendant") interest in various assets and entering a forfeiture money judgment. DE 575.  In relevant part, the POF ordered the forfeiture of Defendant's interest in the residence at 8 Valerie Place, West Islip, New York ("8 Valerie Place" or the "Property").

In sum and substance, Claimant asserts that her interest in 8 Valerie Place arises pursuant to 21 U.S.C. § 853(n)(6)(A).  See DE 568, ¶¶ 24, 25.  Pursuant to Section 853(n)(6)(A), Claimant has to prove that she acquired her alleged interest in 8 Valerie Place prior to the commission of the defendant's crimes.  This she cannot do.  The indictment in this case alleges that the criminal conduct occurred on or about and between January 1990 and November 2008. See DE 168, ¶¶ 11, 18.  Claimant, alleging that she and Defendant purchased 8 Valerie Place in 2003 during the period of the fraud, cannot prove her claim under 21 U.S.C. § 853(n)(6)(A) and summary judgment should be granted and the petition dismissed.  Even assuming arguendo that Claimant was able to establish standing as a tenant in the entirety or as a tenant in common with regard to the Property, she cannot establish that she is a bona fide purchaser for value under 21 U.S.C. § 853 (n)(6)(B).

## RELEVANT BACKGROUND

Defendant was engaged in a wire and mail fraud conspiracy and a money laundering conspiracy to defraud customers through the purchase of fraudulently valued gold coins during

the period of January 1990 through November 2008.  See DE 168, 295.  Defendant was convicted after a jury trial of both counts of the Second Superseding Indictment, charging mail and wire fraud conspiracy in violation of 18 U.S.C. §1349; and a money laundering conspiracy in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A), 1957(b), and 1957(d)(1). See DE 168; DE 295. Defendant's conviction and sentence were subsequently affirmed on appeal.  See United States v. Romano, 794 F. 3d 317 (2d Cir. 2015).

After briefings on the amount of the forfeiture money judgment and the forfeiture of specific assets (DE 355, 356, 357, 358), oral argument on May 8, 2013, and subsequent briefings (DE 362, 363), the Honorable Vera M. Scanlon, United States Magistrate Judge, issued a report and recommendation recommending the forfeiture of, inter alia, Defendant's right, title, and interest in 8 Valerie Place.  DE 373.  The report and recommendation was adopted by this Court (DE 556) and the POF, directing the forfeiture of all defendant's right, title, and interest in 8 Valerie Place, was so-ordered.  DE 575. Claimant filed a third-party petition asserting her interest in 8 Valerie Place. DE 568.

This Court granted the Government's motion to dismiss the petition. United States v. Romano, No. CR-09-168, 2022 U.S. Dist. LEXIS 19142 (E.D.N.Y. February 2, 2022); DE 619. Claimant appealed.  In a consolidated appeal, the Second Circuit affirmed this Court's adoption of the report and recommendation regarding the decision on Defendant's restitution and forfeiture, but vacated and remanded the third party ancillary proceeding because "[u]nder New York law, Karen Kearney plausibly asserted a claim that she had a property interest that was vested in her rather than the defendant." United States v. Mosca, 2023 U.S. App. LEXIS 27382, *5 (2d Cir. October 16, 2023).

## STATUTORY FRAMEWORK

The post-trial ancillary proceeding affords a claimant an opportunity to establish their legal right, title or interest in criminally forfeited property.  See 21 U.S.C. § 853(n); Fed R. Crim. P. 32.2(c).  Section 853(k) ensures an orderly process by establishing Section 853(n) as the exclusive procedure for determining third-party rights in criminal forfeiture cases, and expressly barring third parties from contesting the forfeiture in any other forum.  See DSI Assocs. LLC v. United States, 496 F.3d 175, 183 (2d Cir. 2007) (following other circuits in holding that "third parties may not intervene during criminal forfeiture proceedings to assert their interests in the property being forfeited," and Section 853(n) "provides the exclusive means by which a third party may lay claim to forfeited assets − after the order of forfeiture has been entered"); De Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006) (Section 853(k) makes it clear that the third-party must wait until ancillary proceeding to assert his rights).  In order to trigger the commencement of a third-party ancillary proceeding, the government must first publish notice of the forfeiture order and send notice to potential claimants.  Fed. R. Crim. P. 32.2(b)(6)(A); 21 U.S.C. § 853(n)(2) ("Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under [21 U.S.C. § 853(n)(1)], whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.").

A petition must set forth all legal bases for interests claimed in property subject to forfeiture.  21 U.S.C. § 853(n)(3); see also United States v. BCCI Holdings (Lux.), S.A., 69 F. Supp. 2d 36, 55 (D.D.C. 1999) (collecting cases in which petitions filed under Section 1963(l) were dismissed for failure to identify nature of interest claimed).  All grounds for recovery must be set forth within the petition, and a claimant may not later amend the petition to assert

3

additional grounds for relief.  See, e.g., United States v. Soreide, 461 F.3d 1351, 1355 (11th Cir. 2006) (holding that claims not asserted in petition were statutorily time-barred); United States v. Strube, 58 F. Supp. 2d 576, 585 (M.D. Pa. 1999) (rejecting third-party claims as untimely because they were not raised in petition but first asserted in response to government's motion to dismiss).  A petition will therefore succeed or fail in its original and unamended form, particularly since courts require "strict compliance" with the rules and deadlines governing forfeiture proceedings.  See United States v. Amiel, 995 F.2d 367, 371 (2d Cir. 1993)(collecting cases applying "strict compliance" standard).

The ancillary proceeding closely resembles a civil action and, as such, is generally governed by the same procedures as those set forth in the Federal Rules of Civil Procedure.  See, e.g., Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004) (commenting that civil procedures aid efficient resolution of claims in ancillary proceeding).  Pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), the government may first file a motion to dismiss Claimant's petition "for lack of standing, for failure to state a claim, or for any other lawful reason."  In the event that Claimant's petition survives a motion to dismiss, the government is entitled pursuant to Fed. R. Crim. P. 32.2(c)(1)(B) to conduct discovery that "is necessary or desirable to resolve factual issues."  In order to advance a claim in an ancillary proceeding, a third-party claimant must first establish a "legal interest" in a particular asset identified in an order of forfeiture, within the meaning of 21 U.S.C. § 853(n)(2).  United States v. Ribadeniera, 105 F.3d 833, 834-35 (2d Cir. 1997); see also United States v. Salti, 579 F.3d 656, 667 n.11 (6th Cir. 2009) (holding that standing must be supported in same way as any other matter on which claimant bears burden of proof) (citation and internal quotation marks omitted); United States v. Timley, 507 F.3d 1125, 1129-30 (8th Cir. 2007) ("A party seeking to challenge the government's forfeiture of money or

4

property used in violation of federal law must first demonstrate a legal interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture.") (internal citation omitted). Only after a claimant makes a threshold showing of standing under Section 853(n)(2) may a court reach the merits of a claim, at which point the court must determine whether the claimant has met her burden of showing that her legal interest is a "superior interest" as compared to the government's interest at the time of the acts giving rise to forfeiture. Pacheco, 393 F.3d at 351 ("burden ultimately falls on the petitioner to prove her claim by a preponderance of the evidence"); United States v. Porchay, 533 F.3d 704, 709 (8th Cir. 2008) ("To prevail in the § 853(n) claim, [claimant] had to demonstrate by a preponderance of the evidence that she had a superior right, title, or interest in the seized property . . . ."); United States v. Nava, 404 F.3d 1119, 1125 (9th Cir. 2005) ("The petitioner bears the burden of proving his right, title, or interest under section 853(n)(6).").

Legal interest is not defined by federal law; rather, "[s]tate law determines a petitioner's interest in the property at issue." Willis Mgmt. (Vermont), Ltd. v. United States, 652 F.3d 236, 242 (2d Cir. 2011) (citing Pacheco, 393 F.3d at 353–56). If a third-party petitioner possesses no legal interest under applicable state law the claim must be dismissed for lack of standing. See Ribadeneira, 105 F.3d at 835; Timley, 507 F.3d at 1130 (distinguishing between "legal interest" required for claimant to establish standing under Section 853(n)(2), and "superior legal interest" required for claimant to ultimately prevail on merits under Section 853(n)(6))…"If the claimant has no interest under state law, the inquiry ends, and the claim fails for lack of standing.").

## STANDARD OF REVIEW

Ancillary proceedings are governed by Federal Rule of Criminal Procedure 32.2(c), which provides, in pertinent part:

5

> After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.

Fed R. Crim. Proc. 32.2 (c)(1)(B).

Rule 56(a) of the Federal Rules of Civil Procedure provides that a party may move for summary judgment on all or part of the claims against it. The moving party must support the facts that it is asserting cannot be genuinely disputed by citing to the particular parts of the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other material. Fed. R. Civ. P. 56(c)(1). To dispute an asserted fact, the non-moving party must demonstrate that there is a genuine dispute by citing to particular parts of materials in the record or show that the materials cited by the moving party do not establish the absence of genuine dispute or that the moving party cannot produce admissible evidence to support the fact. Id. A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-48 (1986) (discussing the standard, which previously was set forth in former Rule 56(c)).

For a fact to be material, it must affect the outcome of the action under the governing substantive law; a dispute about an irrelevant fact cannot preclude entry of summary judgment. Anderson, 477 U.S. at 248. A dispute of fact must also be "genuine." Id. at 248. This means it must be supported by evidence on which the jury could reasonably find for the non-moving party. Id. at 252. The mere existence of a "scintilla of evidence" in support of the non-moving party's position cannot forestall summary judgment. Id. at 252. The non-moving party cannot

6

survive summary judgment "by casting mere metaphysical doubt upon the evidence produced by the moving party." Flaherty v. Massapequa Public Schools, 752 F. Supp. 2d 286, 294 (E.D.N.Y. 2010) (internal quotation marks and citation omitted), aff'd 462 Fed. Appx. 38 (2d Cir. 2012).

In a forfeiture proceeding, the petitioner has the burden to prove her legal right, title or interest in the property by a preponderance of the evidence. 21 U.S.C. § 853(n)(6); United States v. Watts, 786 F.3d 152, 160 (2d Cir. 2015). Specifically, the petitioner must prove that "the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section . . . ." United States v. Tucker, No. 16-CR-91, 2020 U.S. Dist. LEXIS 220578, *9-10 (S.D.N.Y. November 24, 2020)(Castel, J.)(citing 21 U.S.C. § 853(n)(6)(A)).

## STATEMENT OF FACTS

Relevant facts are set forth in the United States' Statement Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("USA 56.1 Stmt."), dated March 14, 2025, and are incorporated herein by reference. The United States also incorporates by reference the exhibits attached to the Declaration of Diane C. Leonardo, dated March 14, 2025 ("Leonardo Decl.") submitted in support of its motion.

## ARGUMENT

### POINT I

### CLAIMANT CANNOT ESTABLISH THAT SHE HAS A RIGHT IN THE PROPERTY SUPERIOR TO THAT OF THE GOVERNMENT

In its remand, the Second Circuit held that "the mere fact that the property was bought in part with tainted funds would not necessarily preclude Karen Kearney from plausibly stating a

7

superior ownership interest in her own share of the property under New York law as either a tenant by the entirety or a tenant in common, whichever applies." Mosca, 2023 U.S. App. LEXIS 27382, *5.

If a third-party petitioner demonstrates that it has standing, it must then prove the merits of its claim either by: a) demonstrating priority of ownership of the forfeited property at the time of the offense under Section 853(n)(6)(A); or b) by demonstrating that it acquired the property subsequently as a bona fide purchaser for value under Section 853(n)(6)(B). Timley, 507 F.3d at 1130; Ribadeniera, 105 F.3d at 834-35.

Claimant's petition merely states, in a conclusory manner, that 8 Valerie Place "was purchased for $560,000, which was paid for with the proceeds from the sale of [the Kearney's] prior residence, 1305 North Windsor Avenue, Bay Shore, New York, [with] assistance from Defendant William Kearney's family, and by securing a mortgage in the amount $200,000.00." See DE 568 at ¶ 9; Leonardo Decl., Exhibit 1 at pp. 11-12. The prior residence at 1305 North Windsor Avenue was Defendant's house which he purchased prior to their marriage. Id. at p. 10 Claimant asserts that she has an interest in 8 Valerie Place by virtue of New York State law. See DE 568 at ¶¶ 1-7.

While state law may establish that Claimant has standing as required under 21 U.S.C. § 853(n), she still must show that she had priority of ownership over the forfeited property at the time the defendant committed the offense under Section 853(n)(6)(A), the provision under which Claimant has alleged an interest. See United States v. Petters, 857 F. Supp. 2d 841, 845 (D. Minn. 2012) (establishing a legal interest under § 853(n)(2) is only half the battle; claimant must still show he can prevail on the merits under § 853(n)(6)(A) or (B)); United States v. Speed Joyeros, S.A., 410 F. Supp. 2d 121, 125 (E.D.N.Y. 2006) (state law determines what interest

8

claimant has; "the effect of that property interest—i.e., whether it satisfies the requirements of the federal forfeiture statute—is necessarily a matter of federal law"); United States v. Davis, No. 00 Civ. 8296 (SHS), 2001 WL 47003, at *2 (S.D.N.Y. Jan. 17, 2001) (holding that wife's interest in seized property is defined by state law, but federal law will determine if that property interest is sufficient to void forfeiture).

"Since title to the forfeitable property vests in the government immediately upon the commission of a criminal act, a third party may prevail under § 853(n)(6)(A) only by establishing that he had a legal interest in the forfeited property *before* the underlying crime was committed—that is, before the government's interest vested." Watts, 786 F.3d at 166 (internal citations and quotations omitted); United States v. Madoff, No. 09 CR 213 DC, 2012 WL 1142292, at *4 (S.D.N.Y. Apr. 3, 2012)("…[A]n interest in criminally forfeited property is superior to the government's interest if it arose before the government's interest vested. Under the relation back doctrine, the government's interest vests for offense property—any property constituting, or derived from, any proceeds the person obtained directly or indirectly as the result of the crime—at the time of the commission of the acts giving rise to the forfeiture.")(internal citations and quotations omitted); Pacheo, 393 F.3d at 353 (upholding district court's rejection of a third party claim because her interest was not acquired until after the crime giving rise to the forfeiture); United States v. Eldick, 223 Fed. Appx. 837, 840-41 (11th Cir. 2007)(under § 853(c), "the government's interest will be superior to that of anyone whose interest does not antedate the crime."); Caplin & Drysdale v. United States, 491 U.S. 617, 627 (1989)("[Section] 853(c) reflects the application of the long-recognized and lawful practice of vesting title to any forfeitable assets in the United States, at the time of the criminal act giving rise to forfeiture."); United States v. Daugerdas, 892 F.3d 545, 548 (2d Cir. 2018)("…[A] third-party claimant must

9

assert an interest in the proceeds of an offense that is superior to the defendant's at the moment that offense was committed in order to assert, in a subsequent forfeiture proceeding, an interest in those proceeds that is superior to that of the government."). Moreover, a third-party petitioner can never establish a pre-existing interest under Section 853(n)(6)(A) in property like 8 Valerie Place that represents proceeds of crime because criminal proceeds come into existence only when a crime occurs. See United States v. Hooper, 229 F.3d 818, 821-22 (9th Cir. 2000) (holding that Section 853(n)(6)(A) can never be used to successfully challenge forfeiture of criminal proceeds, which by their very nature do not exist before commission of offense); Timley, 507 F.3d at 1130 ("As the court in Hooper explained, the proceeds of an offense do not exist before the offense is committed, and when they come into existence, the government's interest under the relation-back doctrine immediately vests."); Eldick, 223 Fed. Appx. at 840 (following Hooper); United States v. Warshak, No. 09-3321, 2011 WL 2450991, at *2 (6th Cir. Mar. 30, 2011) (following Hooper).    In her petition, Claimant alleges that 8 Valerie Place was purchased on or about November 14, 2003, squarely during the time period of the mail fraud and wire fraud conspiracy and the money laundering conspiracy. See DE 568 ¶ 8. The report and recommendation, adopted by this Court, specifically found that 8 Valerie Place, along with other assets and proceeds of the crime, was traceable to the commission of the charged offenses. See DE 373 at p. 45. Because the property was purchased during the course of the conspiracy with proceeds of the fraud, Claimant is unable to succeed on her claim under Section 853(n)(6)(A), the provision under which she asserts her interest in 8 Valerie Place, and the petition should be dismissed. See Watts, 786 F.3d at 166 ("Subsection 853(n)(6)(A) works hand in hand with the relation-back doctrine embodied in § 853(c), which provides that all property

10

subject to forfeiture based on a criminal offense vests in the United States upon the commission of the [offense].").

Claimant cannot prevail on her purported claim to 8 Valerie Place because, as she readily admits, she did not have an interest in the property prior to the commission of defendant's crime. Accordingly, the government's interest in 8 Valerie Place is superior to that of the Claimant. Claimant also cannot show that she contributed any value to the purchase of 8 Valerie Place or even that she made subsequent payments toward the Property.  The Property was purchased in 2003 with a combination of the proceeds of the sale of Defendant's prior residence, money from Defendant's family and a mortgage. See Leonardo Decl., Exhibit 1 at p. 11. Claimant paid some household expenses, such as cell phone bills, childcare and utilities (Id. at p. 21), but the mortgage was paid by Defendant. Id. at pp. 24-5.  Prior to Defendant's arrest, Claimant did not make any mortgage payments. Id. at p. 25. Indeed, the evidence from the forfeiture portion of the Defendant's sentencing showed that Defendant used proceeds of the conspiracy to pay approximately $99,109 toward the mortgage on 8 Valerie Place and approximately $147,375 to the previous owner of 8 Valerie Place. See DE 355-7 at ¶¶ 7-10; DE 373 at p. 45.

Because of the lack of any contributions to the purchase of the Property, Claimant cannot show that she purchased the Property for value. See United States v. Lieberman, No. 3:15-CR-00161, 2024 WL 5399662, at *8 (D.N.J. July 9, 2024)("[W]hen examining § 853(n)(6)(B), Petitioner has failed to show that she contributed any funds to the purchase of the Subject Property such that she was a bona fide purchaser for value.")

11

## **CONCLUSION**

For the foregoing reasons, summary judgment should be granted and the Claimant's

petition should be dismissed.

Dated: Central Islip, New York
     March 14, 2025

                              Respectfully submitted,

                              JOHN J. DURHAM
                              United States Attorney

            By:    /s/ Diane C. Leonardo
                  Diane C. Leonardo
                  Assistant U.S. Attorney
                  (631) 715-7854

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(c)**
**OF THE UNITED STATES DISTRICT COURTS**
**FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK**

This brief complies with the word-count limitations set forth in Local Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York because the brief contains 3,566 words, excluding the parts of the brief exempted by the rule.

By:    /s/ Diane C. Leonardo
Diane C. Leonardo
Assistant U.S. Attorney
(631) 715-7854

13