UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

                                                    CR 09-0168 (S-2)(DLI)

        - against -

MICHAEL ROMANO and
WILLIAM KEARNEY

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


## UNITED STATES' MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT


                                JOHN J. DURHAM
                                UNITED STATES ATTORNEY
                                Eastern District of New York
                                610 Federal Plaza
                                Central Islip, New York 11722

Diane C. Leonardo
Assistant United States Attorney,
        Of counsel


Date of service: April 4, 2025

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT ................................................................................................................................... 2

CLAIMANT CANNOT ASSERT A CLAIM TO THE PROPERTY THAT IS
SUPERIOR TO THAT OF THE GOVERNMENT ........................................................................ 2

      A.      Claimant's Attempt to Relitigate Defendant's Conviction is Misplaced. ......... 3

CONCLUSION ............................................................................................................................... 5

## TABLE OF AUTHORITIES

### Federal Cases

McDonald v. Williams-Sonoma, Inc.,
  No. 22-CV-4164, 2024 U.S. Dist. LEXIS 165431 (September 13, 2024) ................................. 1

Pacheo v. Serendensky,
  393 F.3d 348 (2d Cir. 2004) ................................................................................................... 3

United States v. Kalish,
  626 F.3d 165 (2d Cir. 2010) ................................................................................................... 4

United States v. Madoff,
  No. 09 CR 213 DC, 2012 WL 1142292 (S.D.N.Y. Apr. 3, 2012).............................................. 3

United States v. Monaco,
  194 F.3d 381 (2d Cir. 1999) ................................................................................................... 4

United States v. Swartz Fam. Trust,
  67 F.4th 505 (2d Cir. 2023) ................................................................................................... 2

United States v. Valladares,
  544 F.3d 1257 (11th Cir. 2008) .............................................................................................. 4

United States v. Watts,
  786 F.3d 152 (2d Cir. 2015) ................................................................................................... 3

### Federal Statutes

18 U.S.C. § 371 ....................................................................................................................... 3

18 U.S.C. § 1349 ................................................................................................................. 1, 3, 4

21 U.S.C. § 853 ....................................................................................................................... 2

**PRELIMINARY STATEMENT**

The United States of America (the "United States" or the "Government") respectfully submits this reply memorandum of law in further support of its motion for summary judgment.

The Government respectfully incorporates by reference, as if fully set forth herein, the complete contents of: 1) the Government's Memorandum of Law in Support of Its Motion for Summary Judgment ("Pl. Brf."); 2) the Declaration of Diane C. Leonardo with attached exhibits ("Leonardo Decl."); and 3) the United States' Statement Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("USA 56.1 Stmt.").

Initially, the Government submits that Claimant Karen Kearney's ("Claimant") purported counterstatement pursuant to Local Rule 56.1 should be disregarded as it contains legal argument and fails to cite to admissible evidence other than her purported declaration.  See McDonald v. Williams-Sonoma, Inc., No. 22-CV-4164, 2024 U.S. Dist. LEXIS 165431, *11 (September 13, 2024) ("Courts can and do ignore all portions of a Rule 56.1 Statement that contain such improper legal argument and unsupported assertions.") (Gonzalez, J.).

In sum and substance, Claimant argues in response to the United States' motion for summary judgment that: 1) none of the money used to buy 8 Valerie Place, East Islip, New York (the "Property") was from fraud; 2) the crime for which her husband, Defendant William Kearney ("Defendant") was convicted, 18 U.S.C. § 1349, was not a crime until July 2022, so money laundering proceeds could not exist prior to that; and 3) if the Property was not bought with criminally derived proceeds at the time of the closing, then she and Defendant had an interest in the Property superior to that of the government. See Claimant Response to Summary Judgment, dated March 28, 2025 ("Cl. Opp.") at pp.1, 2.  As discussed below, Claimant's

1

arguments are without merit and ignores this Court's prior determination that proceeds of Defendant's crimes were used to purchase the Property.

## ARGUMENT

### CLAIMANT CANNOT ASSERT A CLAIM TO THE PROPERTY THAT IS SUPERIOR TO THAT OF THE GOVERNMENT

It is well settled that a "third-party petitioner has only two statutory grounds to assert a legal interest in forfeited property. The petitioner may show that he possessed a superior interest at the time of the offense under § 853(n)(6)(A), or alternatively that he was a bona fide purchaser for value reasonably without cause to believe that the property was subject to forfeiture under § 853(n)(6)(B). Beyond those two limited claims, the provision authorizes no challenges to the forfeitability of a defendant's property by interested third parties." United States v. Swartz Fam. Trust, 67 F.4th 505, 513 (2d Cir. 2023)(internal quotations marks and citations omitted).

Here, Claimant asserts that her right to the Property arises pursuant to 21 U.S.C. § 853 (n)(6)(A). See Docket Entry ("DE") 568 at ¶¶ 24, 25. Pursuant to Section 853(n)(6)(A), Claimant must prove that she acquired her alleged interest in the Property prior to the commission of the Defendant's crimes. This she cannot do. The indictment alleged that the criminal conspiracy, of which Defendant was convicted, occurred on or about and between January 1990 and November 2008.  See DE 168 at ¶¶ 11, 18. In addition, this Court already found that, inter alia, the Property was a specific asset traceable to Defendant's commission of the mail or wire fraud. See DE 373 at p. 46

As discussed more fully in the United States' Memorandum of Law in Support of Summary Judgment, because the property was purchased during the course of the conspiracy with proceeds of the fraud, Claimant is unable to succeed on her claim under Section 853(n)(6)(A), the provision under which she asserts her interest in the Property. See Pl. Brf. at

2

pp. 10-11; <u>United States v. Watts</u>, 786 F.3d 152, 166 (2d Cir. 2015)("Since title to the forfeitable property vests in the government immediately upon the commission of a criminal act, a third party may prevail under § 853(n)(6)(A) only by establishing that he had a legal interest in the forfeited property before the underlying crime was committed—that is, before the government's interest vested.")(internal citations and quotations omitted)  <u>United States v. Madoff</u>, No. 09 CR 213 DC, 2012 WL 1142292, at *4 (S.D.N.Y. Apr. 3, 2012)("…[A]n interest in criminally forfeited property is superior to the government's interest if it arose before the government's interest vested.  Under the relation back doctrine, the government's interest vests for offense property—any property constituting, or derived from, any proceeds the person obtained directly or indirectly as the result of the crime—at the time of the commission of the acts giving rise to the forfeiture.")(internal citations and quotations omitted); <u>Pacheo v. Serendensky</u>, 393 F.3d 348, 353 (2d Cir. 2004)(upholding district court's rejection of a third party claim because her interest was not acquired until after the crime giving rise to the forfeiture).

A. **<u>Claimant's Attempt to Relitigate Defendant's Conviction is Misplaced.</u>**

Claimant's argument that the Property should not be forfeited because Defendant's conviction for conspiracy to commit mail and wire fraud was not criminal until July 30, 2002 is unavailing. The crime of conspiracy to violate the mail and wire fraud statute "exist[ed]" under the general conspiracy statute in 18 U.S.C. § 371 long before the criminal conduct underlying Defendant's convictions. Claimant provides no legal authority to support her implicit assertion that the 2002 codification of the separate conspiracy provision in 18 U.S.C. § 1349 is material to her third-party claim and the Government is aware of none.  In any event, Claimant and Defendant did not buy the Property until 2003, after the 2002 codification.

3

Further, Claimant's argument sounds in the Ex Post Facto clause of the Constitution, but the Second Circuit rejected the premise of this argument in United States v. Monaco, 194 F.3d 381, 386 (2d Cir. 1999). In Monaco, as here, Defendant was "convicted not on any substantive count of money laundering, but for the continuing offense of conspiracy to commit money laundering." Id. The Second Circuit explained that "[i]t is well-settled that when a statute is concerned with a continuing offense" — like conspiracy to commit wire or mail fraud and money laundering — "the Ex Post Facto clause is not violated by application of a statute to an enterprise that began prior to, but continued after, the effective date of the statute." Id. (internal quotation marks omitted). "A conviction for a continuing offense straddling enactment of a statute will not run afoul of the Ex Post Facto clause unless it was possible for the jury, following the court's instructions, to convict exclusively on pre-enactment conduct." Id. (internal quotation marks omitted). In United States v. Kalish, the Second Circuit applied this rationale and rejected the defendant's ex post facto challenge to forfeiture, 626 F.3d 165, 168 (2d Cir. 2010) ("Since [the defendant's] criminal conduct continued well past August 23, 2000 [the enactment of § 2461], the forfeiture order did not violate the Ex Post Facto Clause."), and the Eleventh Circuit expressly rejected Claimant's argument with respect to § 1349 in United States v. Valladares, 544 F.3d 1257, 1271 (11th Cir. 2008) ("In addition, because the pharmacy conspiracy continued after July 2002, when § 1349 became effective, the court's forfeiture order did not violate the Ex Post Facto Clause."). Here, assuming arguendo that Claimant was able to make this argument on Defendant's behalf, Defendant's criminal conduct continued for more than six years past the enactment of 18 U.S.C. §1349.

**<u>CONCLUSION</u>**

For the foregoing reasons, and as further detailed in its Memorandum of Law dated

March 14, 2025, the United States' motion for summary judgment should be granted and the

Claimant's petition should be dismissed.

Dated: Central Islip, New York
      April 4, 2025                          Respectfully submitted,

                                   JOHN J. DURHAM
                                   United States Attorney

                 By:    /s/ Diane C. Leonardo
                       Diane C. Leonardo
                       Assistant U.S. Attorney
                       (631) 715-7854

**CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL CIVIL RULE 7.1**

I, Diane C. Leonardo, certify that the United States' Memorandum of Law in Further Support of Its Motion for Summary Judgment, dated April 4, 2025, complies with the Individual Practice Rules and Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, in that it contains 1273 words[1].

Dated: Central Islip, New York
      April 4, 2025                         By:     */s/ Diane C. Leonardo*
                                               Diane Leonardo
                                               Assistant U.S. Attorney
                                               (631) 715-7854

---

[1] These word-count limits do not include the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but do include material contained in footnotes or endnotes. Local Civ. R. 7.1(c).