UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

**UNITED STATES OF AMERICA'S RESPONSES TO CLAIMANT'S STATEMENT PURSUANT TO LOCAL RULE 56.1**

-against-

Cr. No. 09-0168 (S-2)(DLI)

MICHAEL ROMANO AND
WILLIAM KEARNEY,

Defendants.

-----------------------------------------------------------X

Pursuant to Rule 56.1 ("Rule 56.1") of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules"), the United States of America ("United States"), by its attorney, JOHN J. DURHAM, United States Attorney for the Eastern District of New York, Diane C. Leonardo, Assistant United States Attorney, of counsel, submits the following in response to Claimant Karen Kearney's ("Claimant") Statement of Additional Material Facts:

## GENERAL OBJECTIONS

Claimant fails to cite to facts that would be admissible in evidence at a hearing of this matter, as required by Rules 56(c) and (e) of the Federal Rules of Civil Procedure ("Rule 56") and Rule 56.1 to support certain of her statements of uncontroverted material facts; thus, Claimant's inadmissible statements should be rejected as insufficient to establish a genuine issue of material fact, and United States statements should be deemed undisputed. To the extent that Claimant's statements may be offered as evidence in support of Claimant's case-in-chief, the

1

statements should be rejected as inadmissible, because they consist of unsupported allegations, speculation, or legal conclusions, rather than facts, as required by Rule 56(c) and (e).

**Additional statement of additional material facts as to which it is contended that there exists a genuine issue to be tried:**

1. Prior to July 30, 2002, Defendant's offense of conviction -18 U.S.C. Section 1359-did not exist. See declaration of Karen Kearney, this document.

**United States Response:**

Claimant did not set forth an uncontested fact or cite to any admissible evidence to support this statement. To the extent a response is required, this statement should be rejected as inadmissible, because it consists of unsupported allegations, speculation, or legal conclusions, rather than facts, as required by Rules 56(c) and (e).

2. None of the money that constituted laundered funds supporting Defendant's conviction were derived from activities occurring prior to July 30, 2002. See declaration of Karen Kearney, this document.

**United States Response:**

Claimant did not set forth an uncontested fact or cite to any admissible evidence to support this statement. To the extent a response is required, this statement should be rejected as inadmissible, because it consists of unsupported allegations, speculation, or legal conclusions, rather than facts, as required by Rules 56(c) and (e).

3. None of the principal payments made on 1305 North Windsor were made with proceeds of Defendant's offense of conviction. See declaration of Karen Kearney, this document.

**United States Response:**

Claimant did not set forth an uncontested fact or cite to any admissible evidence to support this statement. To the extent a response is required, this statement should be rejected as inadmissible, because it consists of unsupported allegations, speculation, or legal conclusions, rather than facts, as required by Rules 56(c) and (e).

4. None of the proceeds of the sale of 1305 North Windsor were used in the closing of the sale on 8 Valerie Place. See declaration of Karen Kearney, this document.

**United States Response:**

Claimant did not set forth an uncontested fact or cite to any admissible evidence to support this statement. To the extent a response is required, this statement should be rejected as

2

inadmissible, because it consists of unsupported allegations, speculation, or legal conclusions, rather than facts, as required by Rules 56(c) and (e).

Dated: Central Islip, New York
      April 4, 2025

                       Respectfully submitted,
                       JOHN J. DURHAM
                       United States Attorney

            By:   /s/ Diane C. Leonardo
                       Assistant U.S. Attorney
                       (631) 715-7854