UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

            - v -                           :          **<u>MEMORANDUM DECISION</u>**

WILLIAM KEARNEY,                            :          09 Cr. 00168 (DC)

            Defendant.                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:           JOSEPH NOCELLA, JR., Esq.
                       United States Attorney for the
                       Eastern District of New York
                            By:    Diane C. Leonardo, Esq.
                                   Assistant U.S. Attorney
                       610 Federal Plaza
                       Central Islip, NY 11722

                       ANDREW J. CAMPANELLI, Esq.
                       Campanelli & Associates, P.C.
                       1757 Merrick Avenue, Suite 204
                       Merrick, NY 11566

**CHIN, Circuit Judge:**

        The Government moves for summary judgment to dismiss the third-party

petition of Karen Kearney, the ex-wife of Defendant William Kearney.  Dkt. 708-2.

        In her petition, Ms. Kearney requests a hearing to adjudicate the validity

of her right, title, and interest with respect to a family residence located at 8 Valerie

Place, East Islip, New York 11730 ("8 Valerie Place"), which this Court (Johnson, *J.*)

ordered forfeited following Mr. Kearney's conviction. On October 16, 2023, the United

States Court of Appeals for the Second Circuit vacated this Court's order dismissing Ms.

Kearney's petition and remanded for further proceedings. *See United States v. Mosca*,

No. 21-1209, 2023 WL 6799293, at *3 (2d Cir. Oct. 16, 2023). The Second Circuit mandate

issued on November 20, 2023. Dkt. 689. Following discovery, the Government filed

this motion for summary judgment. Dkt. 708-2. For the reasons set forth below, the

Government's motion for summary judgment is GRANTED.

## *BACKGROUND*

### I. *Facts*

The Court assumes the parties' familiarity with the facts and procedural

history of this case and only addresses facts relevant to Ms. Kearney's present third-

party forfeiture motion.

From January 1990 through November 2008, William Kearney and his co-

defendant Michael Romano participated in a wire and mail fraud conspiracy and a

money laundering conspiracy, in which they sold coins at inflated prices -- including to

many elderly victims -- by falsely representing the coins' value. Mr. Romano and Mr.

Kearney sold the coins through three companies owned by Mr. Romano; Mr. Kearney

worked as a salesperson and sales manager at all three companies and was a part owner

of one. Over the course of the operation, $32,220,617 in gross proceeds passed through

the companies' accounts.  Mr. Romano and Mr. Kearney also laundered the proceeds through money transfers from the company accounts to their personal accounts.

On November 10, 2010, a grand jury returned a second superseding indictment against Mr. Kearney and Mr. Romano, charging them with conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, and with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(h), 1957(b), and 1957(d)(1).  A criminal forfeiture allegation accompanied each count, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) for the mail or wire fraud conspiracy and under 18 U.S.C. § 982(a)(1) for the money laundering conspiracy.  After a five-week jury trial in 2011, Mr. Kearney and Mr. Romano were convicted of conspiracy to commit mail or wire fraud, in violation of 18 U.S.C. § 1349, and of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(h), 1957(b), and 1957(d)(1).

## II.  *Prior Forfeiture Proceedings*

After Mr. Kearney's conviction and before his sentencing, the Government sought forfeiture of $32,220,617 as well as other properties from him and Mr. Romano, including -- as relevant here -- 8 Valerie Place with respect to Mr. Kearney.  Mr. Kearney and Mr. Romano both waived their right to a jury determination on the forfeiture issues and consented to have the Court determine the entry of forfeiture.  Accordingly, on July 26, 2013, the Honorable Vera M. Scanlon, United States Magistrate Judge, issued a report and recommendation advising that the district court grant the Government's

requests for forfeiture in the amount of $32,220,617 ("R&R"). The magistrate judge also recommended that Mr. Kearney forfeit 8 Valerie Place.

Specifically, in the R&R, the magistrate judge found by a preponderance of the evidence that 8 Valerie Place was a specific asset traceable to Mr. Kearney's offenses. In concluding that 8 Valerie Place should be forfeited, the magistrate judge relied on a sworn declaration from William Hessle, a United States Department of Justice investigator and a former Postal Inspector with the United States Postal Inspection Service. In his declaration, Mr. Hessle stated that Mr. Kearney paid a mortgage on 8 Valerie Place using approximately $99,109 from accounts that received deposits from companies used in the conspiracies for which he was convicted. Mr. Hessle also averred that Mr. Kearney paid approximately $147,375 from two of those accounts to the previous owner of 8 Valerie Place. Moreover, he asserted that Mr. Kearney transferred proceeds from the three companies to accounts held by Mr. Kearney's wife, Karen Kearney.

Mr. Kearney timely objected to the R&R. He did not dispute Mr. Hessle's findings but did argue that 8 Valerie Place was not traceable to his offenses because the only tainted funds went toward the mortgage on the home, not the closing price. On March 10, 2014, the district court (Johnson, *J.*) sentenced Mr. Kearney and signed a forfeiture order directing Mr. Kearney to forfeit, *inter alia*, 8 Valerie Place and all proceeds traceable thereto.

Mr. Kearney appealed the judgment to the Second Circuit, which then affirmed the conviction and sentence but concluded that the district court had not reviewed the magistrate judge's restitution and forfeiture recommendations *de novo*, as required when a defendant timely objects to any portion of a magistrate judge's R&R (which Mr. Kearney did). *United States v. Romano*, 794 F.3d 317, 341 (2d Cir. 2015). Accordingly, the Second Circuit remanded for the district court to review the magistrate judge's restitution and forfeiture recommendations *de novo*, including Mr. Kearney's challenge to the 8 Valerie Place order. *Id.*

On April 29, 2021, the district court (Irizarry, *J.*) conducted a *de novo* review of the R&R. Finding it "thorough and well-reasoned," the district court adopted the R&R in its entirety, ordering forfeiture in the amount of $32,220,617 and also forfeiture of 8 Valerie Place. *United States v. Romano*, No. 09-CR-168, 2021 WL 1711633, at *8 (E.D.N.Y. Apr. 29, 2021).

On or about May 19, 2021, Ms. Kearney filed a counseled third-party petition asserting an interest in 8 Valerie Place for the first time.[1] On May 27, 2021, the district court entered a Preliminary Order of Forfeiture against Mr. Kearney, again ordering the forfeiture of 8 Valerie Place. On January 5, 2022, the district court denied Ms. Kearney's request for a hearing to adjudicate her claim and granted the

---

[1] Mr. Kearney's objection to the magistrate judge's R&R also noted that Ms. Kearney had "the right to object to the forfeiture of her home as an innocent third party" and would "do so at the appropriate time." Dkt. 376 at 3.

Government's motion to dismiss her petition pursuant to Federal Rule of Civil Procedure 12(b) and Federal Rule of Criminal Procedure 32.2. *United States v. Kearney*, No. 21-cr-168, 2022 WL 43768, at *4 (E.D.N.Y. Jan. 5, 2022). The court concluded that Ms. Kearney had not plausibly pleaded that she possessed an interest in 8 Valerie Place superior to the Government's because her interest in the property only arose in 2003, whereas the Government's had vested in 1990, as Mr. Kearney had engaged in criminal conduct from 1990 to 2008 (as the jury found at trial) and 8 Valerie Place was purchased during the course of the conspiracy with proceeds from the fraud. *Id*. On January 19, 2022, the district court entered a Final Order of Forfeiture as to Mr. Kearney, which ordered the forfeiture of 8 Valerie Place.

Ms. Kearney appealed from the dismissal of her third-party petition, and the Second Circuit affirmed this Court's adoption of the R&R but vacated and remanded as to Ms. Kearney's petition. *Mosca*, 2023 WL 6799293, at *2.[2] The Second Circuit held that the petition was dismissed prematurely and explained that "the mere fact that the property was bought in part with tainted funds would not necessarily preclude Karen Kearney from plausibly stating a superior ownership interest in her own share of the property . . . as either a tenant by the entirety or a tenant in common." *Id.* Accordingly,

---

[2] On August 5, 2022, Ms. Kearney filed a motion for a stay of the Final Order of Forfeiture pending her appeal to the Second Circuit. On August 17, 2022, the district court denied the motion without prejudice for lack of subject matter jurisdiction. On August 22, 2022, Ms. Kearney filed a motion for reconsideration of this Court's determination that it lacked subject matter jurisdiction over her stay motion. Because Ms. Kearney's motion for reconsideration, Dkt. 673, is now moot, the Court denies it without prejudice.

the court found that Ms. Kearney had plausibly asserted a claim that she possessed a vested property interest in 8 Valerie Place. *Id.* Ms. Kearney's petition was thus reinstated.

### III. *The Instant Motion*

Discovery proceeded as to Ms. Kearney's forfeiture claim. After the conclusion of discovery, on or about March 14, 2025, the Government filed this motion for summary judgment to dismiss Ms. Kearney's petition. Ms. Kearney filed a response *pro se*, and the Government replied. The case was then reassigned to the undersigned in August 2025.

### DISCUSSION

### I. *Applicable Law*

#### A. *Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment as to third-party forfeiture petitions. *See* Fed. R. Crim. P. 32.2(c). Under Rule 56, on a summary judgment motion, a court must construe the evidence in the light most favorable to the opposing party and draw all reasonable inferences in the opposing party's favor. *Granite State Ins. Co. v. Primary Arms, LLC*, 161 F.4th 160, 168 (2d Cir. 2025). Granting summary judgment is appropriate if the movant has demonstrated that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Id.*

**B.** *Criminal Forfeiture Proceedings Under 21 U.S.C. § 853*

Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853 govern this criminal forfeiture proceeding.

Following a conviction, the district court must determine what property is subject to forfeiture and must enter a preliminary order of forfeiture. Fed. R. Crim. P. 32.2(b)(1)-(2). The court enters this preliminary order "without regard to any third party's interest in the property." *Id.* 32.2(b)(2)(A). Following the entry of the preliminary order, a third party may attempt to establish her legal right, title, or interest in the forfeited property by petitioning the court for a hearing to adjudicate the validity of that interest. 21 U.S.C. § 853(n). This ancillary proceeding provides the "exclusive means" for third parties to claim forfeited assets. *DSI Assocs. LLC v. United States*, 496 F.3d 175, 183 (2d Cir. 2007).

Under § 853(n), a claimant must first make a threshold showing of standing by establishing a "legal interest" in an asset identified in the forfeiture order. 21 U.S.C. § 853(n)(2); *id.* § 853(n)(6); *United States v. Ribadeneira*, 105 F.3d 833, 835 (2d Cir. 1997) (per curiam); *United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015). The Government does not contest Ms. Kearney's standing under § 853(n).

Then, if a claimant has standing, she must prove her entitlement to relief on the merits by establishing, through a preponderance of the evidence, that one of two conditions applies: either (1) the claimant's "legal right, title, or interest in the property

8

. . . was vested in [her] rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property," 21 U.S.C. § 853(n)(6)(A); or (2) the claimant is a bona fide purchaser of the property "without cause to believe that the property was subject to forfeiture," *id.* § 853(n)(6)(B). *See Watts*, 786 F.3d at 160. "Beyond those two limited claims, the provision authorizes no challenges to the forfeitability of a defendant's property by interested third parties." *United States v. Swartz Fam. Tr.*, 67 F.4th 505, 513 (2d Cir. 2023) (citation modified). Ms. Kearney claims that she is entitled to relief under the first of these options, § 853(n)(6)(A).

If a petitioner meets her burden of proving one of these conditions, the court must amend the forfeiture order to exempt the third-party interest. 21 U.S.C. § 853(n)(6). At the conclusion of the ancillary proceeding, the court enters a final order of forfeiture, which is final with respect to all third parties. Fed. R. Crim. P. 32.2(c)(2). The court may resolve a third-party petition without conducting an ancillary hearing by allowing the parties to file motions for summary judgment under Federal Rule of Civil Procedure 56. *United States v. Meiri*, No. 15 Cr. 627, 2021 WL 5494771, at *3 (S.D.N.Y. Nov. 23, 2021); *United States v. King*, No. 10-cr-122, 2012 WL 2261117, at *5 (S.D.N.Y. June 18, 2012).

### C. *21 U.S.C. § 853(n)(6)(A)*

A petitioner may succeed under § 853(n)(6)(A) by proving that, *at the time of the defendant's crime*, either (1) her legal right, title, or interest in the property was vested in her rather than in the defendant or (2) her legal right, title, or interest in the property was superior to any right, title, or interest of the defendant. *Watts*, 786 F.3d at 166. We evaluate when a petitioner's interest vests and when her interest becomes superior to the defendant's based on the "time of the commission of the acts which gave rise to the forfeiture of the property," 21 U.S.C. § 853(n)(6)(A), because § 853(n)(6)(A) "works hand in hand with the 'relation-back' doctrine" in § 853(c), *Watts*, 786 F.3d at 166. That doctrine provides that all right, title, and interest in property subject to criminal forfeiture "vests in the United States upon the commission of the act giving rise to forfeiture." 21 U.S.C. § 853(c). Thus, the government's interest in the proceeds of a crime vests "as soon as those proceeds come into existence" and is superior to that of any "subsequent third-party recipient" of those proceeds (unless the third party qualifies as a "bona fide purchaser for value"). *United States v. Daugerdas*, 892 F.3d 545, 548 (2d Cir. 2018).

Consequently, a petitioner is unlikely to succeed under § 853(n)(6)(A) if the forfeited property "consists of 'proceeds' derived from or traceable to a criminal offense." *Watts*, 786 F.3d at 166. After all, these proceeds do not exist before the commission of the offense, and the Government's interest vests immediately, such that

any proceeds from the criminal act "belong to the government from the moment that they come into existence." *Id.* at 166-67. Thus, a third party may succeed under § 853(n)(6)(A) "only by establishing that [s]he 'had a legal interest in the forfeited property *before* the underlying crime was committed' -- that is, 'before the government's interest vested.'" *Id.* at 166; *see also Swartz Fam. Tr.*, 67 F.4th at 517; *United States v. Madoff*, No. 09-cr-213, 2012 WL 1142292, at *4 (S.D.N.Y. 2012). If the petitioner obtains her interest in the property after the commission of the crime, she may only succeed on her third-party petition under § 853(n)(6)(B) -- not under § 853(n)(6)(A). *Watts*, 786 F.3d at 166.

## II.  *Application*

In Ms. Kearney's *pro se* response to the Government's motion for summary judgment, she makes two chief assertions: (1) 8 Valerie Place is not subject to forfeiture under § 853(a) because (a) "none of the money that was used to buy [8] Valerie Place initially was from fraud" and (b) because the conspiracy statute under which Mr. Kearney was convicted, 18 U.S.C. § 1349, was not enacted until July 30, 2002, such that the money laundering proceeds could not exist before that date; and (2) Ms. Kearney's interest "remain[s] superior to that of the government" because 8 Valerie Place was not bought with criminally derived proceeds. Dkt. 709, at 1-2, 5. Each of these arguments fails.

**1.** *Subject to Forfeiture*

Section 853 does not allow a third party to relitigate a court's determination that an asset is subject to forfeiture in the first place. *See DSI Assocs. LLC*, 496 F.3d at 185; Fed. R. Crim. P. 32.2 advisory committee's note to 2000 adoption ("Th[e ancillary] proceeding does not involve relitigation of the forfeitability of property; its only purpose is to determine whether any third party has a legal interest in the forfeited property."); s*ee also United States v. 101 Houseco, LLC*, 22 F.4th 843, 848-49 (9th Cir. 2022) (holding that § 853(n) does not allow a third party to challenge a forfeiture order except under the two grounds described in § 853(n)(6)); *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (explaining that § 853(n) does not allow "'relitigation' of the district court's antecedent determination that an item of property is subject to forfeiture"); *United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 689-90 (5th Cir. 2013) ("The Second, Eighth, Tenth and Eleventh Circuits have all agreed that a third party has no standing to challenge a preliminary order's finding of forfeitability."); *United States v. Davenport*, 668 F.3d 1316, 1321 (11th Cir. 2012) (holding that third party lacked standing to challenge validity of forfeitability determination); *United States v. Porchay*, 533 F.3d 704, 710 (8th Cir. 2008) (holding that a third party may not "relitigate the outcome" of underlying forfeiture proceedings); *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) ("[A] third party has no right to challenge the preliminary order's finding of

forfeitability . . . ."); *but cf. Daugerdas*, 892 F.3d at 557 (explaining that the Due Process Clause nevertheless entitles a third party to assert a claim to property).

### a. *Money Used to Buy 8 Valerie Place*

The Court rejects Ms. Kearney's claim that the funds used to pay for 8 Valerie Place were not derived from unlawful activity. Here, this Court held that 8 Valerie Place is subject to forfeiture by adopting in full the July 26, 2013 R&R, which found by a preponderance of the evidence that 8 Valerie Place constituted an asset traceable to Mr. Kearney's conspiracy to commit mail or wire fraud and conspiracy to commit money laundering. *Romano*, 2021 WL 1711633, at *1.[3] The Second Circuit affirmed this Court's adoption of the R&R except as to the third-party petitions. *Mosca*, 2023 WL 6799293, at *2.

Indeed, Mr. Hessle's sworn declaration avers that Mr. Kearney paid approximately $99,109 of the mortgage on 8 Valerie Place, as well as approximately $147,375 to the previous owners of 8 Valerie Place, from fraud proceeds. Mr. Kearney did not contest these findings. Nor does Ms. Kearney deny that Mr. Kearney paid for 8 Valerie Place with funds from bank accounts that received deposits from companies used in the conspiracies for which he was convicted. Therefore, 8 Valerie Place is subject to forfeiture, and the Court rejects Ms. Kearney's claim that 8 Valerie Place was not purchased with criminal proceeds.

---

[3] The Final Order of Forfeiture also found that 8 Valerie Place was forfeitable.

### b. *Effective Date of 18 U.S.C. § 1349*

Ms. Kearney also contends that the proceeds used to purchase 8 Valerie

Place pre-date July 30, 2002, when 18 U.S.C. § 1349 was enacted, and therefore those

proceeds do not constitute funds derived from unlawful activity.  This argument fails.

First, as noted above, this Court has already established that the funds

used to pay for 8 Valerie Place derived from criminal activity.  *Romano*, 2021 WL

1711633, at *1; *see Mosca*, 2023 WL 6799293, at *2.  In any case, 18 U.S.C. § 1349 was not

the only crime for which Mr. Kearney was convicted.  He was also convicted of

violating, *inter alia*, § 1956(a)(1)(A)(i) and § 1957(d)(1), both of which were enacted in

their current form in 1986.  *See* Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100

Stat. 3207.  Individuals convicted under either statute are subject to criminal forfeiture.

*See* 18 U.S.C. § 982(a)(1).  Therefore, even though § 1349 did not exist when Mr. Kearney

began his criminal activity, his conduct was still criminal under other statutes and left

him liable to forfeiture under 18 U.S.C. § 982.

### 2. *Superior Interest*

Because 8 Valerie Place is subject to forfeiture, the remaining question is

whether Ms. Kearney holds a legal interest in the property superior to that of the

Government.  She does not.

Here, Mr. Kearney's illicit activity began in 1990 and continued until

November 2008.  *See United States v. Romano*, 859 F. Supp. 2d 445, 450-51 (E.D.N.Y.

2012).  The Government has held a vested and exclusive interest in all proceeds from his crimes since the moment the proceeds came into existence.  *See Watts*, 786 F.3d at 166.  Accordingly, the Government's interest in any property subsequently paid for with (and therefore traceable to) those proceeds is superior to any third party's interest in the same property.  *Swartz Fam. Tr.*, 67 F.4th at 517.

Meanwhile, the Kearneys married in 2001 and bought 8 Valerie Place in 2003, using funds derived from Mr. Kearney's fraudulent activity to pay for the property.  *Romano*, 2021 WL 1711633, at *1.  Under New York law, upon the sale of the property, the Kearneys owned 8 Valerie Place in a tenancy by the entirety (though the Kearneys subsequently divorced in 2020, converting any tenancy-by-the-entirety interests into tenancy-in-common interests).  *See* N.Y. Est. Powers & Trusts Law § 6-2.2(b) (McKinney 2019) ("A disposition of real property to a husband and wife creates in them a tenancy by the entirety, unless expressly declared to be a joint tenancy or a tenancy in common.");  *Mosca*, 2023 WL 6799293, at *2.  Ms. Kearney's legal interest, however, did not vest until 2003; at that point Mr. Kearney had been engaged in his criminal conduct for some thirteen years, since 1990.  Therefore, Ms. Kearney cannot show that she possessed any legal interest in the property *before* that date, as required to succeed under 21 U.S.C. § 853(n)(6)(A).  *See Watts*, 786 F.3d at 166 (explaining that, under the relation-back doctrine, "[b]ecause forfeitable property vests in the government immediately upon the commission of a criminal act, a third party may

prevail under § 853(n)(6)(A) only by establishing that he 'had a legal interest in the forfeited property *before* the underlying crime was committed' -- that is, 'before the government's interest vested.'" (quoting *United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007))).  Ms. Kearney accordingly lacks a superior interest, even assuming that she made mortgage payments and paid other expenses after Mr. Kearney's arrest in November 2008.[4]  Although Ms. Kearney may have gained an interest in 8 Valerie Place starting in 2003, the Government's interest in the property had already vested.

Courts have long recognized innocent spouses' interests in forfeited property.  *See, e.g.*, *United States v. Parcel of Real Prop. Known as 1500 Lincoln Ave.*, 949 F.2d 73, 78 (3d Cir. 1991); *United States v. One Single Fam. Residence With Out Buildings Located at 15621 S.W. 209th Ave., Miami, Fla.*, 894 F.2d 1511, 1512 (11th Cir. 1990). Nonetheless, if, as here, a third-party petitioner obtains her interest in forfeited property *after* the commission of the underlying crime, her interest is not superior to the Government's under § 853(n)(6)(A).  *Watts*, 786 F.3d at 166.  Accordingly, Ms. Kearney's third-party petition fails.

---

[4]     Ms. Kearney does not assert that she put any of her own money into 8 Valerie Place until after Mr. Kearney's arrest; in her response to the Government's motion for summary judgment, she submits that, starting in 2014 when Mr. Kearney went to prison, she paid for the mortgage, utilities, taxes, upkeep, and maintenance of the home.

*CONCLUSION*

Because 8 Valerie Place is subject to forfeiture and because the

Government's interest in the property is superior to Ms. Kearney's, the Government's

Motion for Summary Judgment is **GRANTED**.  Ms. Kearney's request for a hearing to

adjudicate her third-party claim is **DENIED**, and her petition is **DISMISSED**.  The

Clerk of the Court is respectfully directed to terminate the motion for summary

judgment, Dkt. 708, and Ms. Kearney's motion for reconsideration of subject matter

jurisdiction over her stay motion, Dkt. 673.

SO ORDERED.

Dated:       Brooklyn, New York
            April 15, 2026

_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation